**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**LAFAYETTE DIVISION**

| | |
|---|---|
| **BLAKE BROUSSARD** | **DOCKET NO. ______________** |
| **VERSUS** | **JUDGE: __________________** |
| **LINEAR CONTROLS, BLAKE STEVENS, ARCHIE MOUTON, and DANIEL HARRIS** | **MAGISTRATE JUDGE: ___________** |
| | **JURY DEMANDED** |

---

**COMPLAINT FOR DAMAGES**

---

TO THE HONORABLE UNITED STATES DISTRICT COURT IN AND FOR THE WESTERN DISTRICT OF LOUISIANA, LAFAYETTE DIVISION:

**COMES NOW**, complainant, Blake Broussard, complaining of Linear Controls, Blake Stevens, Archie Mouton, and Daniel Harris, seeks to hereby obtain all damages as may be authorized by law, resulting from an action in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e), *et seq*. and §1981.

1.

This being a civil action arising under the constitutional laws of the United States, to address the deprivation of complainant's rights to be free from a discriminatory intimidation, ridicule, and insult. Further, complainant invoked the supplemental jurisdiction of the court granted pursuant to the provisions of 28 U.S.C. §1367, for the state tort claim, which arises out of the same transaction or occurrence and nucleus of operative facts as the original claim.

**FACTS**

2.

Complainant, Blake Broussard, is a citizen of the United States and a resident of Lafayette Parish, State of Louisiana.

3.

Made defendants herein are:

a. **LINEAR CONTROLS**, upon information and belief, a domestic business corporation authorized to do and doing business in the State of Louisiana, at all times relevant, located at 107 Commission Blvd., Broussard, Louisiana 70508;

b. **BLAKE STEVENS**, upon information and belief, a person of the full age of majority and a domiciliary of the Parish of Lafayette, State of Louisiana, and who, at all times material hereto, was an employee of Linear Controls;

c. **ARCHIE MOUTON,** upon information and belief, a person of the full age of majority and a domiciliary of the Parish of Lafayette, State of Louisiana, and who, at all times material hereto, was an employee of Linear Controls; and

d. **DANIEL HARRIS,** upon information and belief, a person of the full age of majority and a domiciliary of the Parish of Lafayette, State of Louisiana, and who, at all times material hereto, was an employee of Linear Controls.

4.

Defendants are indebted jointly, severally, and *in solido* for the following:

Complainant was employed at Linear Controls, located at 107 Commission Blvd., Broussard, Louisiana 70508, beginning in 2014.

5.

Complainant worked under the direct and immediate supervision of Blake Stevens, a supervisor for Linear Controls. Daniel Harris and Archie Mouton were both co-employees of Complainant.

6.

Beginning in January 2015, Blake Stevens, a superior of complainant at all times relevant, along with Daniel Harris and Archie Mouton, began a tortuous practice of sexual harassment upon complainant which caused him to suffer severe, traumatic injury.

7.

Complainant was subjected to a pattern of conduct in violation of her civil rights and human rights, caused by unreasonable intrusions into the most private and confidential subjects by Blake Stevens, Daniel Harris, and Archie Mouton in the form of sexual harassment, intentional infliction of emotional distress, invasion of privacy through reckless and outrageous offensive conduct exemplified by a pattern of conduct and particular incidents of unwelcomed, non-consensual sexual harassment.

8.

For example, Blake Stevens, Daniel Harris, and Archie Mouton would tell Complainant that a "gang of African-American men were raping [Complainant's] girlfriend" and that they had to leave work early to "run a train and flip" said girlfriend.

9.

On another occasion in early 2015, Complainant was told that he was "Blake Stevens' personal bitch" and that Complainant would be used "as a sex toy at night" by Stevens. On a different occasion, Blake Stevens told Complainant that he had urinated in his hygiene bag.

10.

On numerous occasions while Complainant was brushing his teeth, Blake Stevens would call Complainant a "sick motherfucker" or a "nasty little bitch" because "[he] used [his] toothbrush as a vibrator to loosen up [his] booty before [Blake Stevens, Daniel Harris, and Archie Mouton] would tear it up."

11.

On or about April of 2015, Complainant informed his supervisors at Linear Controls about the sexual harassment on at least three separate occasions. His supervisors told him that they did not believe that Blake Stevens, Daniel Harris, or Archie Mouton would make such sexual comments.

12.

On or about April 14, 2015, Complainant told his co-employees that their actions and comments were harassment on the job site and that he did not want to be harassed or insulted anymore. Another employee threatened to fight Complainant for those comments. Complainant further notified his supervisors of the harassment.

13.

Shortly after reporting workplace harassment, Complainant began receiving less work and projects from Linear Controls. Shortly thereafter, Complainant was unlawfully terminated from his employment with Linear Controls and, upon information and belief, said termination was in retaliation for filing reports of sexual harassment in the workplace. At all times relevant, Complainant was subjected to a pattern of disparate treatment up until the time his employment ended.

14.

Upon information and belief, Blake Stevens, Daniel Harris, and Archie Mouton were never disciplined, reprimanded, or terminated by Linear Controls for the sexual harassment that they subjected Complainant to.

15.

Upon information and belief, Linear Controls had actual and/or constructive knowledge of the pattern of sexual harassment that Complainant was subjected to prior to Complainant reporting said harassment to his supervisors and they failed to remediate said harassment before, during, and after said reporting.

**VIOLATIONS OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**

16.

Complainant re-alleges and re-avers each and every allegation contained in paragraphs 1 through 15 of this complaint as fully set forth in this paragraph.

17.

In his supervisory capacity as an employee of Linear Controls, Blake Stevens engaged in acts of sexual harassment, sexual discrimination and intimidation, invasion of privacy, and intentional infliction of emotional distress, and he created an intimidating, hostile, and offensive work environment which seriously and permanently adversely affected the physical and psychological well-being of Blake Broussard.

18.

At all times material and relevant, Blake Stevens, Daniel Harris, and Archie Mouton were working within the course and scope of their employment with Linear Controls. Therefore, Linear Controls is vicariously liable unto complainant as a result of the acts and omissions of their employees, Blake Stevens, Daniel Harris, and Archie Mouton, for failure to use reasonable care to prevent sexual harassment and other despicable conduct of Blake Stevens, Daniel Harris, and Archie Mouton when they knew or should have known of the abuse being endured by Blake Broussard and other employees and for failure to provide a reasonable avenue of reporting sexual harassment.

19.

As a result of the aforesaid incidents, complainant, Blake Broussard, has been forced to seek psychological treatment, and accordingly, defendants are solidarily liable unto him for past, present, and future medical expenses, benefits, front pay, back pay, loss of enjoyment of life, mental anguish, mental and physical pain and suffering, punitive damages, attorney's fees, and court costs.

20.

The actions of defendants were extreme and outrageous and the defendants desired to inflict severe emotional distress or knew that severe emotional distress would be certain or substantially certain to result from their conduct.

21.

Defendants acted with malice and reckless indifference with regards to the civil rights of Blake Broussard and thus complainant is entitled to an award of exemplary damages against defendants. Further, because of the sexual harassment and denial of his basic civil rights, complainant was compelled to retain attorneys to insure that this conduct on the part of the defendants do not continue. Complainant is, at the discretion of this court, entitled to reasonable attorney's fees from the defendants.

22.

Complainant filed a charge with the EEOC within the time delays afforded under law and received a notice of the "right to sue" from the EEOC on March 31, 2017. Accordingly, the present lawsuit is timely brought by Complainant.

**CIVIL LAW AND NEGLIGENCE**

23.

Complainant re-alleges and re-avers each and every allegation contained in paragraphs 1 through 21 of the complaint as set forth in this paragraph.

24.

The acts and omissions of defendants, Blake Stevens, Daniel Harris, and Archie Mouton, hereinabove alleged in detail constitute the intentional infliction of emotional distress under Louisiana Civil Code Article 2315 and the Louisiana Human Rights Act, LSA-R.S. 51:2231, *et seq*. This court has pendant jurisdiction to hear and adjudicate this claim.

25.

Blake Stevens, Daniel Harris, and Archie Mouton actively desired to bring about the mental anguish suffered by Blake Broussard and realized to a virtual certainty that it would occur.

26.

The atrocious and intolerable actions of Blake Stevens, Daniel Harris, and Archie Mouton complained of herein were designed and intended to inflict mental distress upon Blake Broussard where all such incidents, injuries, and damages occurred without her consent, welcome, acquiescence, or concurrence.

27.

Additionally, Linear Controls is liable unto complainant due to the negligent hiring and negligent supervision of Blake Stevens, Daniel Harris, and Archie Mouton because said defendant knew or should have known that the aforesaid sexual harassment was taking place.

**WHEREFORE**, premises considered, complainant prays that defendants be cited to appear and answer and that, upon final hearing, judgment be rendered jointly and severally against all defendants, for compensatory damages, exemplary damages, together with court costs, interest

as allowed by law, attorney's fees, and any and all further relief, legal or equitable, to which complainant may be entitled. Complainant further prays for a trial by jury.

Respectfully submitted:

**L. CLAYTON BURGESS, A P.L.C.**
605 West Congress Street
Lafayette, Louisiana 70501
Telephone: (337) 234-7573
Facsimile: (337) 233-3890

/s/ L. Clayton Burgess
**L. CLAYTON BURGESS** (22979)
Attorney for Complainant